# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

Estate of Ann Boggess et al.
*Plaintiff*
v.
U.S. Bank et al.
*Defendant*

Civil Action No. 23-cv-00045

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: VC 3 LS 2021 LP c/o Intertrust Corporate Services Delaware LTD
251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Cozen O'Connor, Attn: Victoria Mazzola<br>1650 Market St., Suite 2800, Philadelphia, PA 19103, or<br>by email to vmazzola@cozen.com | Date and Time:<br>09/20/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/21/2023

CLERK OF COURT

OR

_____           /s/Victoria Mazzola
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Estate of Ann Boggess et al. , who issues or requests this subpoena, are:
Cozen O'Connor, Victoria Mazzola, 33 South 6th St #3800, Minneapolis, MN 55402, vmazzola@cozen.com, 215-665-4786

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-00045

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* VC 3 LS 2021 LP c/o Intertrust Corporate Services Delaware LTD

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A" TO SUBPOENA

# DEFINITIONS

For purposes of this subpoena, the following "Definitions" shall apply:

1. The terms "You" or "Your" mean VC 3 LS 2021 LP, and include any of Your past and present agents, trustees, representatives, attorneys, and all other persons acting, or purporting to act, on Your behalf or in concert with You, as well as any entities that control, are controlled by, are under common control with, or otherwise affiliated with You.

2. The term "Insured" means Ann Boggess, Frank Bolle, Helga Neuberg, Lena Longo, Georgia Towers, Saul Offit, Naomi Pressma, Roberta Silbar, and/or Anna Zufelt and includes all variations of and/or alternative similar names.

3. The term "Policy" or "Policies" refers to any life insurance policy insuring the life of any Insured.

4. The term "Trust" or "Trusts" refers to any trust, including any series or sub-trust, in any way affiliated with any Insured.

5. The term "Communication" refers to any transmittal of information, including but not limited to any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letter correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, documents, writing, or other forms of communications, including but not limited to both oral and written communications. The term "Communication" includes but is not limited to oral and written communications, communications to, from, or within a business and/or corporate entity, and communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

6. The term "Document" is used in the broadest possible sense under the Federal Rules of Civil Procedure and refers to, without limitation, any written, printed, typed, photostatted, photographic, computerized, recorded, or otherwise reproduced communications or representation, whether composed of letters, words, numbers, pictures, sounds or symbols, or any combination thereof, and whether located on-site or in an off-site repository. This definition includes copies of duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings, regardless of origin or location. Without limiting the generality of the foregoing, the term "Document" includes, but is not limited to, Communications, e-mails, whether in electronic or hard copy form, including e-mails that were "deleted" but that are recoverable from any electronic storage media, electronically stored information (including but not limited to information stored on optical disks, backup tapes, servers, hard drives, PDAs, or floppy disks), correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries or investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, phonograph recordings, films, tapes, computer and word processor disks, data cells, drums, print-outs, all other data from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing, of which You, Your agents, representatives, employees, accountants, or attorneys have possession, custody, or control.

7. The term "Coventry" means any one or all of Coventry Capital I, LLC; Coventry Capital, LLC; Coventry Financial, LLC; Coventry First, LLC; CHC Financial, LLC; COG Financial, LLC; Montgomery Capital LLC; Coventry Finance LLC; LST I, LLC; LST II, LLC; LST III, LLC; LST Holdings Ltd. any other "LST" entity; PFP Funding I LLC; PFP Funding II LLC; PFP Partners LP; CAI Financial LLC; CBI Financial LLC; CHC Financial LLC; and their past or present subsidiaries, affiliates, agents, officers, directors, employees, attorneys, accountants, assignees, other representatives, and all other persons acting, or purporting to act, on their behalf or in concert with them, as well as any entities that control, are controlled by, are under common control with, or are otherwise affiliated with them.

8. The term "Beneficial Interest Transfers," for purposes of this discovery request, refers to any transaction where a life insurance policy was issued to a trust whose beneficial interest was either owned by an investor or some other third party at inception or was sold to an investor or some other third party within six months of the policy's issuance.

9. The term "Investor" or "Investors" refers to any individuals or entities engaged in premium financing, Beneficial Interest Transfers, or other means of procuring, obtaining, owning, or funding life insurance policies on the lives of elders.

10. The term "Involved Persons" means any or all of the following: You; the Insured; members of any Insured's family including but not limited to any spouse or children of any Insured; any Trust; U.S. Bank, N.A.; Wells Fargo Bank, N.A.; AXA Equitable Life Insurance Company n/k/a Equitable Financial Life Insurance Company; Security Life of Denver; Lincoln National Life Insurance Company; Jefferson Pilot; Hartford Life Insurance; John Hancock Life Insurance Company; Pacific Life Insurance Company; American General Life Insurance; Wilmington Trust Company; LaSalle Bank, N.A; AVS Underwriting, LLC; Fasano Associates;

3

ITM TwentyFirst, LLC (formerly known as 21st Services LLC); Investors; Blackstone Tactical Opportunities Advisers LLC; Preston Ventures LLC; AIG; AIG Life Settlements LLC; Lavastone Capital, LLC; and Coventry.

11. Any reference to any third party, including but not limited to those defined above as "Involved Persons," refers to that person or entity, any predecessor or successor persons or entities, and any of the third party's agents, officers, directors, employees, representatives, attorneys, accountants, assignees, and all other persons acting, or purporting to act, on its behalf or in concert with the third party.

## INSTRUCTIONS

A. Each request shall be deemed to call for the production of all original Documents, or identical copies, within your possession, custody, or control, including any drafts, versions, or copies that differ in any respect from the original.

B. If a request for production calls for the production of a Document that you assert is privileged, identify the author, addressee, and all recipients of copies of the Document, setting forth the date and general subject matter thereof, and state the basis for the claim of privilege. An objection or claim of privilege directed to part of a request does not obviate the requirement to respond to the parts of the request for which no objection to claim of privilege is made.

C. If a request cannot be produced in full, respond to the extent possible and specify the reasons for your inability to answer.

D. These requests for production are continuing, and should you acquire any additional information responsive to these requests, please supplement your responses accordingly.

E. Electronically stored information ("ESI") should be produced, as far as reasonably possible, in either native format or TIFF format with linked text files, with all metadata preserved.

**DOCUMENT REQUESTS**

1. All Documents relating to any Insured, any Trust, and/or any Policy.

2. Documents sufficient to identify the nature of Your relationship to any Policy and/or any Trust.

3. All Documents showing Your policies, practices, guidelines, and procedures, if any, for the due diligence that should be conducted on life insurance policies that are being considered for acquisition, including any policies, practices, guidelines, or procedures relating to any insurable interest investigation or analysis You consider should be conducted.

4. All Documents showing any investigation, analysis, or diligence that was conducted on any Policy (and to the extent any Policy was purchased as part of a larger portfolio of life insurance policies, on that portfolio) prior to acquiring any Policy and/or prior to paying any premiums for any Policy, including without limitation any insurable interest related investigation, analysis, or diligence as well as any investigation, analysis, or diligence of whether any Policy could or would be subject to any challenge at a later date.

5. All Documents showing what, if anything, You knew about the way in which any Policy was originated prior to purchasing any Policy (or prior to paying any premiums for the Policy), including without limitation whether you knew that (i) any Insured did not want or need life insurance; (ii) any Insured never intended to keep any Policy and never intended for the Policy's death benefit to benefit the Insured's family; (iii) any Policy was applied for and taken out with the intention that the Policy would ultimately benefit Investors; (iv) the initial premiums on any Policy were not paid for by the Insured; or (v) Investors stood to receive all or most of the Policy's death benefit upon the Insured's death from the moment it was put in force.

6. All Documents showing Your knowledge of the way in which Coventry and/or any entities or programs associated with Coventry originated life insurance policies, including but not limited to any Policy, when You acquired that knowledge, and the source(s) from whom You acquired it.

7. All Documents including any agreements between You and any Involved Person relating to the origination of life insurance policies, including, but not limited to, any Policy.

8. All Documents showing Your awareness, if any, of any judicial complaints or decisions relating to allegations that life insurance policies lacked insurable interest at inception, including without limitation Your awareness of the following decisions: *PHL Variable Insurance Co. v. Price Dawe 2006 Insurance Trust*, 28 A.3d 1059 (Del. 2011); *Sun Life v. U.S. Bank*, 2016 WL 161598 (S.D. Fla. Jan. 14, 2016), *aff'd*, 693 Fed. Appx. 838, 840 (11th Cir. 2017); *U.S. Bank v. Sun Life*, 2016 WL 8116141 (E.D.N.Y. Aug. 30, 2016), *adopted in full*, 2017 WL 347449 (E.D.N.Y. Jan. 24, 2017); *Sun Life v. Wells Fargo*, 2018 WL 2100740 (N.D. Ill. May 7, 2018), *aff'd*, *Sun Life Assurance Co. of Canada v. Wells Fargo Bank, N.A.*, 44 F.4th 1024 (7th Cir. 2022), *reh'g denied*, 2022 WL 4463134 (7th Cir. Sept. 20, 2022); *Sun Life v. Wells Fargo*, 2020 WL 1503641 (N.D. Ill. Mar. 30, 2020); *Sun Life v. U.S. Bank*, 369 F. Supp. 3d 601 (D. Del. 2019) and documents sufficient to identify when you first became aware.

9. All Documents showing Your awareness, if any, that life insurance policies that were financed through non-recourse premium financing generally, or that were procured through life insurance origination programs associated with Coventry were (i) risky investments; (ii) susceptible to legal challenge; and/or (iii) void or rescindable for lack of insurable interest at inception.

10. All Documents reflecting any insurable interest or legal risk analysis on the Coventry/LaSalle Program, any other short-term non-recourse premium finance program, or on non-recourse premium financed policies more generally.

11. Documents sufficient to identify whether You are (or were) a recipient of or subscriber to any life settlement industry articles or publications, including without limitation to the Life Settlement Report published by The Deal.

12. All Life Settlement Reports published by the Deal that You possessed or accessed prior to acquiring any Policy or prior to paying any premium on any Policy.

13. All articles of any kind You possessed or accessed prior to acquiring any Policy that relate to insurable interest, non-recourse premium financing, STOLI, or the Coventry non-recourse premium finance program.

14. All Documents showing any analysis of any insurable interest-related risk associated with life insurance policies originated by Coventry and/or any entities or programs associated with Coventry, when You conducted or acquired any such analysis, and the source(s) from which You acquired it.

15. To the extent any Policy was purchased by You as part of a portfolio of life insurance policies, Documents sufficient to identify (i) how many policies were part of the portfolio; (ii) the purchase price for the portfolio; (iii) the purchase price for the Policy; and (iv) whether the purchase price for the portfolio or the Policy were affected in any way by insurable interest issues or concerns.

16. To the extent any Policy was purchased by You as part of a portfolio of life insurance policies, documents sufficient to identify whether, and if so to what extent, the other policies in the portfolio shared similar characteristics, including without limitation the following:

(i) whether life expectancy reports were generated on the respective insureds prior to the respective policies' issuance; (ii) whether the policies in the portfolio were procured through non-recourse premium financing; (iii) whether the policies in the portfolio were procured through beneficial interest transfers; (iv) whether the policies in the portfolio were originally issued to trusts with the same trustees; (v) whether the policies in the portfolio were originally issued to trusts created on substantially the same trust agreements; and/or (vi) whether the policies were funded by Coventry/La Salle Bank loans.

17. All Documents showing whether any Policy's purchase price was discounted, reduced, or diluted in any way to reflect insurable interest concerns, and if they were, how much they were discounted, and all documents showing the underlying analysis.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ESTATE OF ANN BOGGESS, by Its Executor, Thomas Boggess *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A., as Securities Intermediary, and WELLS FARGO BANK, N.A., as Securities Intermediary,<br><br>    Defendants. | Civil Action No. 23-cv-00045 |

**AFFIDAVIT OF VC 3 LS 2021 LP**
**OFFICER AND/OR CUSTODIAN OF RECORDS**

Before me, the undersigned authority, personally appeared,

_____
Name

Who, being duly sworn by me, deposes and says as follows:

1. **Authority.** I, _____, am a duly authorized officer and/or custodian of records of VC 3 LS 2021 LP with authority to execute this affidavit and certify to the authenticity and accuracy of the records produced with this affidavit.

2. **Records.** The records produced by VC 3 LS 2021 LP are original documents or are true copies of records of a regularly conducted activity that:

    A. were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    B. were kept in the course of a regularly conducted activity of VC 3 LS 2021 LP; and

    C. making the record was a regular practice of VC 3 LS 2021 LP in the course of the regularly conducted activity.

3. **Production.** (Select One)

_____  The records that were produced in response to the subpoena attached hereto as Exhibit A (totaling \_\_\_\_\_ pages) constitute a complete production of records responsive to the subject request, order, or subpoena (or a complete production under the terms of a subject request, order, or subpoena as subsequently limited by the issuer).

_____  A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

4. I declare under penalty of perjury that the foregoing is true and correct.

Date: _____    Signature: _____

Subscribed and Sworn to before Me this _____ day of _____, 2023.

_____
Notary Public